IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Russell Dawson, | C/A No. 8:18-2920-JFA-JDA |
| Petitioner, | |
| | ORDER |
| vs. | |
| Warden, Broad River Correctional Institution, | |
| Respondent. | |

The *pro se* petitioner, Russell Dawson, brings this action pursuant to 28 U.S.C. § 2254 challenging his 1990 state court jury conviction for armed robbery.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation wherein she opines that the petition is successive and that the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. The Magistrate Judge further notes that the petitioner has previously brought four habeas challenges in this District concerning his state conviction. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on January 2, 2019.

On February 13, 2019, more than three weeks past the deadline to file objections to the Report, the petitioner filed a document entitled "Notice of Appeal" to the Fourth Circuit Court of Appeals, and the Clerk docketed the document as an "Objection." The petitioner also filed a motion to appoint counsel "in this appeal."

The petitioner has not filed specific objections to the Report and the time within which to do so has expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Moreover, as the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition, this court is without authority to entertain it. 28 U.S.C. § 2244 and *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.")

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds that the Magistrate Judge's recommendation is proper and it is incorporated herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

The petitioner's "Notice of Appeal" was premature before this court because the court had not yet issued a final order on the Recommendation of the Magistrate Judge. In addition, the motion for appointment of counsel before this court is now moot.

The petitioner is now free to take an appeal of this order with the Fourth Circuit Court of Appeals.

IT IS SO ORDERED.

March 4, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."